1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CODY LEAVITT,                         )
                                      )
            Petitioner,               )        2:12-cv-00987-JCM-CWH
                                      )
vs.                                   )        **ORDER**
                                      )
DWIGHT NEVEN, *et al.*,               )
                                      )
            Respondents.              )
_____/

       Cody Leavitt, a prisoner at High Desert State Prison in Indian Springs, Nevada, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee for this action.  (ECF No.1).  The petition shall now be filed and served on respondents.

       A petition for federal habeas corpus should include all claims for relief of which petitioner is aware.  If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim.  *See* 28 U.S.C. §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

       Petitioner also moves for the appointment of counsel (ECF No. 2), contending that he will require a full evidentiary hearing and extensive discovery prior to such a hearing.  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v.*

*Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The court has reviewed the petition which is extensive and thoroughly briefed.  It does not appear that petitioner is handicapped in any way in his ability to write and communicate effectively.  The petition is well written and easily understood.  Counsel shall be denied at this point.  Should the court determine that an evidentiary hearing is necessary, counsel will be appointed as required by the Rule 8 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS THEREFORE ORDERED** that the clerk shall **FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1) upon the respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition.  In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any statement of additional claims.  Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

1    **IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No.

2    2) is **DENIED** without prejudice.

3    **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the

4    attorney general of the State of Nevada a copy of every pleading, motion, or other document he

5    submits for consideration by the court.  Petitioner shall include with the original paper submitted for

6    filing a certificate stating the date that a true and correct copy of the document was mailed to the

7    attorney general.  The court may disregard any paper that does not include a certificate of service.

8    After respondents appear in this action, petitioner shall make such service upon the particular deputy

9    attorney general assigned to the case.

10    **IT FURTHER IS ORDERED** that any state court record exhibits filed by

11    respondents herein shall be filed with a separate index of exhibits identifying the exhibits by number

12    or letter.  The CM/ECF attachments that are filed shall further be identified by the number or

13    numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional state

14    court record exhibits shall be forwarded – for this case – to the staff attorneys in Reno.

15

16    Dated this ___18th___ day of June, 2012.

17

18    _____
     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

3