1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **DISTRICT OF NEVADA**

9

10 CODY LEAVITT,                          )
                                        )
          Petitioner,                    )          2:12-cv-00987-JCM-CWH
11                                       )
   vs.                                   )          **ORDER**
12                                       )
   DWIGHT NEVEN, *et al.*,                )
13                                       )
          Respondents.                   )
14 _____/

15

16          Cody Leavitt, a prisoner at High Desert State Prison in Indian Springs, Nevada, has filed

17 a motion for appointment of counsel (ECF No.4) contending that the issues of his petition are extremely

   complex and that he will require a full evidentiary hearing and extensive discovery prior to such a
18
   hearing.  Petitioner also notes that he has more than one petition pending and that the two criminal
19
   proceedings culminated in a combined negotiated plea agreement which intertwines the two proceedings
20
   to some extent.
21
          There is no constitutional right to appointed counsel for a federal habeas corpus
22
   proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th
23
   Cir. 1993).  The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191,
24
   1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th
25
   Cir. 1984), *cert. denied*, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities
26

1    of the case are such that denial of counsel would amount to a denial of due process, and where the

2    petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  See

3    *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

4             Although the court previously reviewed the petition and noted that it was pleaded

5    adequately, further review of the interrelation of the two actions together with the complexity such

6    interrelation brings to each case warrants reevaluation of the need and appropriateness of appointing

7    counsel in this action.  Moreover, it appears that counsel will be appointed in the related matter and it

8    seems an appointment of the same counsel in this matter would preserve due process while conserving

9    court resources. The ex parte motion for appointment of counsel shall be granted and the clerk shall be

10   directed to seek to appoint the same counsel in this action as is to be appointed in case number 2:12-cv-

11   00625-MMD-RJJ.

12            Therefore, the federal public fefender for the District of Nevada (FPD) shall be appointed

13   to represent petitioner.  If the FPD is unable to represent petitioner, due to a conflict of interest or other

14   reason, then alternate counsel for petitioner shall be located, and the court will enter a  separate order

15   appointing  such alternate counsel.  In either case, counsel will represent petitioner in all future federal

16   proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed

17   to withdraw.

18            **IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel

19   (ECF No. 4) is **GRANTED**.  The federal public defender is appointed to represent petitioner.  To the

20   extent that it is possible, the same counsel as is appointed to represent petitioner in case number 2:12-cv-

21   00625-MDD-RJJ shall serve as counsel in this action.

22            **IT IS FURTHER ORDERED** that the clerk shall **ELECTRONICALLY SERVE** the

23   federal public defender for the District of Nevada (FPD) a copy of this order, together with a copy of the

24   petition for writ of habeas corpus and its attachments (ECF No. 1).  The FPD shall have thirty (30) days

25

26

2

1   from the date of entry of this order to file a notice of appearance or to indicate to the court its inability

2   to represent petitioner in these proceedings.

3           **IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case,

4   the court will issue a scheduling order, which will, among other things, set a deadline for the filing of

5   a first amended petition.

6

7           Dated this ____6th____ day of July, 2012.

8

9                                                    _____
                                                     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3