# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CODY CORY LEAVITT,

     Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

     Respondents.

Case No. 2:12-cv-00987-JCM-CWH

**ORDER**

    This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel.  Before the court are the following motions: (1) respondents' motion to dismiss the amended petition (ECF No. 48); (2) respondents' motion to file exhibits under seal and to strike improperly filed exhibits (ECF No. 51); (3) petitioner's motion to file redacted petition and exhibits (ECF No. 52); and (4) respondents' motion for an extension to file a reply regarding the motion to dismiss (ECF No. 58).

**I.  Procedural History**

    **A.  Eighth Judicial District Criminal Case No. C-233866**

    On March 29, 2007, the State filed a criminal complaint against petitioner charging him with battery with the use of a deadly weapon, first degree kidnapping, sexual assault with a minor under fourteen years of age, and lewdness with a child under the age of fourteen.  (Exhibit A).[1]  On May 31, 2007, a preliminary hearing was held in which petitioner was bound over to the Eighth Judicial

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 49-50.

1   District Court for the State of Nevada.  (Exhibit D).  On June 5, 2007, petitioner was charged by

2   information, with the same crimes alleged in the criminal complaint, in Eighth Judicial District

3   Court Case No. C-233866.  (Exhibit C).

4       On June 17, 2008, petitioner filed a motion to be released or to reduce bond.  (Exhibit E).

5   On July 7, 2008, the court ordered petitioner to remain on house arrest until the commencement of

6   trial scheduled for August 25, 2008.  (Exhibit F).  On October 14, 2008, the State filed an amended

7   information against petitioner, charging him with one count of child abuse and neglect with

8   substantial bodily harm.  (Exhibit G).  Also on October 14, 2008, a guilty plea agreement was filed,

9   in which petitioner pled guilty to one count of child abuse and neglect with substantial bodily harm,

10  as alleged in the amended information.  (Exhibit H).  On January 13, 2009, petitioner was sentenced

11  to 60-180 months in the Nevada Department of Corrections, with 35 days credit for time served.

12  (Exhibit J).  The judgment of conviction was filed on January 29, 2009.  (Exhibit K).

13      **B.  Post-Conviction Habeas Petition, Motion to Withdraw Guilty Plea, and Nevada Supreme Court Appeal No. 57195**

14      On January 8, 2010, petitioner filed a counseled post-conviction habeas petition in the state

15  district court.  (Exhibit L).  On January 13, 2010, petitioner filed a counseled motion to withdraw

16  his guilty plea.  (Exhibit M).  On January 26, 2010, a hearing was held on petitioner's motion to

17  withdraw his plea.  (Exhibit O).  On February 22, 2010, petitioner filed an errata to his habeas

18  petition correcting an error in the petition, but not adding anything new to the petition.  (Exhibit P).

19  On May 13, 2010, an evidentiary hearing was held.  (Exhibit T).  On May 21, 2010, petitioner filed

20  a counseled supplement to the post-conviction habeas petition.  (Exhibit U).  The state district court

21  filed findings of fact and conclusions of law on July 29, 2010, denying the post-conviction habeas

22  petition.  (Exhibit W).  The state district court ruled that petitioner received effective assistance of

23  counsel and that petitioner freely, voluntarily, and knowingly entered his guilty plea.  (*Id.*).  On

24  November 12, 2010, petitioner filed a notice of appeal from the denial of the post-conviction habeas

25  petition and motion to withdraw his guilty plea.  (Exhibit X).  On November 18, 2010, the state

26  district court filed its notice of entry of decision and order.  (Exhibit Y).

27

28

On November 19, 2010, the Nevada Supreme Court entered its notice to petitioner to file a case appeal statement in Case No. 57195, which was petitioner's appeal from the denial of his post-conviction habeas petition and motion to withdraw his guilty plea. (Exhibit Z). On December 20, 2010, through counsel, petitioner filed his case appeal statement. (Exhibit BB). On August 31, 2011, petitioner filed his fast track statement in Case No. 57195. (Exhibit MM). On November 28, 2011, the Nevada Supreme Court filed an order to show cause why the appeal should not be dismissed for lack of jurisdiction because the findings of fact, conclusions of law, and order of July 29, 2010 did not resolve all of the claims raised in the petition. (Exhibit OO). On January 13, 2012, the Nevada Supreme Court entered an order finding, upon further review, that the district court's order resolved all claims for relief sought, and that it had jurisdiction to hear the appeal from the denial of the habeas petition and motion to withdraw his guilty plea. (Exhibit SS). On March 7, 2012, the Nevada Supreme Court filed an order affirming the denial of the post-conviction habeas petition and motion to withdraw guilty plea. (Exhibit TT). Remittitur issued on June 6, 2012. (Exhibit WW).

### C. Petition Regarding Time Credit and Nevada Supreme Court Appeal No. 59048

On May 13, 2011, petitioner filed a habeas petition in the state district court challenging the computation of credit for time served. (Exhibit DD). Petitioner asserted that he should have been given credit for time served for the time he was on house arrest. (*Id.*). On August 19, 2011, the state district court filed findings of fact, conclusions of law, and order granting in part and denying in part the petition. (Exhibit LL). The state district court reached the merits of the petition and ruled that credit for time served was allowed for time spent in jail, but not for time while a defendant is on house arrest, because house arrest is not considered confinement. (*Id.*). The court ruled that petitioner was entitled to 3 additional days of credit for time served while incarcerated prior to his conviction, for a total of 38 days credit for time served. (*Id.*). On December 2, 2011, the state district court filed an amended judgment of conviction, indicating that petitioner was given 38 days credit for time served. (Exhibit PP). Petitioner appealed from the state district court's order denying his petition asking for credit for time spent on house arrest. (Exhibit KK). By order filed April 11, 2012, in Case No. 59048, the Nevada Supreme Court affirmed the denial of the habeas

1   petition seeking credit for time spent on house arrest. (Exhibit VV). The Nevada Supreme Court

2   ruled that the state district court erred in reaching the merits of the claims raised on the petition,

3   because the petition was procedurally barred as untimely under NRS 34.726 and was barred for

4   abuse of the writ under NRS 34.810(2). (*Id.*). The court ruled that the petition was untimely by

5   more than two years after the entry of the judgment of conviction on January 24, 2009. (*Id.*).

6       **D. Federal Petition in the Instant Case**

7       Petitioner dispatched (gave to prison officials for mailing) his federal petition on May 14,

8   2012. (ECF No. 1, at p. 2, item 5). The petition was filed in this court on June 11, 2012. (*Id.*). By

9   order filed June 18, 2012, this court initially denied petitioner's motion for the appointment of

10  counsel. (ECF No. 3). Petitioner made a renewed motion for the appointment of counsel. (ECF

11  No. 4). On July 6, 2012, this court granted petitioner's motion for the appointment of counsel,

12  noting that due to the interrelation of another habeas action filed by petitioner in this court, the

13  appointment of counsel was warranted. (ECF No. 6). On August 6, 2012, the federal public

14  defender filed a notice of conflict preventing that office from representing petitioner. (ECF No. 11).

15  Therefore, on August 15, 2012, the court appointed CJA panel attorney Todd M. Leventhal to

16  represent petitioner in this action. (ECF No. 12). On October 18, 2012, Mr. Leventhal made an

17  appearance on behalf of petitioner. (ECF No. 13).

18      On March 19, 2013, counsel Leventhal filed a motion to withdraw as petitioner's attorney.

19  (ECF No. 24). This court denied the motion to withdraw, and instead stayed this case to

20  accommodate Leventhal's scheduling conflicts. (ECF No. 25). On September 27, 2013, counsel for

21  petitioner filed a motion to lift the stay. (ECF No. 29). On October 8, 2013, this court granted the

22  motion, directed the clerk of court to reopen this action, and set a deadline for petitioner's counsel to

23  file an amended petition. (ECF No. 34). On October 15, 2013, petitioner's counsel filed an

24  amended petition and exhibits. (ECF No. 36). The court directed respondents to file an answer or

25  otherwise respond to the amended petition. (ECF No. 37). On November 5, 2013, respondents filed

26  a motion to strike the amended petition because the exhibits filed in support of the amended petition

27  were not properly marked pursuant to Local Rule 10-3(a). (ECF No. 38). On November 19, 2013,

28  petitioner filed an errata to the exhibits in support of the amended petition, correcting the exhibits by

-4-

properly marking them.  (ECF No. 39).  Respondents moved to withdraw their motion to strike in light of petitioner's correction of the exhibits.  (ECF No. 40).  Respondents also moved for an extension of time in which to file response to the amended petition.  (ECF No. 41).  By order filed December 26, 2013, the court granted respondents' motion to withdraw their motion to strike and set a deadline for respondents to file a response to the amended petition.  (ECF No. 42).

On March 7, 2014, respondents filed the instant motion to dismiss the amended petition. (ECF No. 48).  Concurrently, respondents filed exhibits comprising the state court record, as well as a motion for leave to file certain exhibits under seal and to strike certain exhibits filed by petitioner. (ECF Nos. 49, 50, 51).  On March 20, 2014, petitioner filed a combined response to respondents' motion to strike improperly filed exhibits and request to file a redacted petition and exhibits.  (ECF No. 52).  On the same date, petitioner filed an amended petition and exhibits in which inappropriate information is properly redacted.  (ECF No. 54).  On April 21, 2014, petitioner filed supplemental exhibit 54, in which inappropriate information is properly redacted.  (Exhibit 57).  On May 8, 2014, respondents filed a reply to petitioner's response to the pending motion to dismiss the amended petition.  (ECF No. 59).[2]

## II. Motions and Requests Concerning Exhibits

Respondents have filed a motion to file under seal certain exhibits in support of their motion to dismiss.  (ECF No. 51).  The exhibits that respondents seek to be filed under seal include the following: Exhibits A, B, C, D, G, H, I, J, L, M, Q, R, S, U, V, and MM.  Respondents electronically filed only the pages marking each of the exhibits sought to be filed under seal, but did not file the exhibits themselves.  Instead, respondents submitted hard copies of the actual exhibits for this court's *in camera* review.  (ECF No. 49).

There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*,

---

[2]  On May 1, 2014, respondents filed a motion for an extension of time to file a reply to petitioner's response to the motion to dismiss.  (ECF No. 58).  Respondents' motion is granted, *nunc pro tunc*.

1   331 F.3d 1122, 1134 (9ᵗʰ Cir. 2003).  However, the court has inherent power over its own records

2   and files, and access may be denied where the court determines that the documents may be used for

3   improper purposes.  *Nixon.,* 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9ᵗʰ Cir.

4   1995); *Kamakana*, 447 F.3d at 1179.

5          The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and

6   motions in terms of the showing required to seal a document.  For a document filed with a

7   dispositive motion, "compelling reasons" must be shown to justify sealing the document.

8   *Kamakana*, 447 F.3d at 1179-89.  In contrast, for documents filed with non-dispositive motions, a

9   "good cause" showing will suffice to keep the records sealed.  *Id.*  This is based on the reasoning

10  that the public has less need for access to records that are merely tangentially related to the

11  underlying cause of action.  *Id.* at 1179.  A showing of good cause generally requires a specific

12  description of the particular document(s) sought to be sealed and a showing that disclosure of such

13  documents would work a "clearly defined and serious injury."  *Pansy v. Borough of Stroudsburg*, 23

14  F.3d 772, 776 (3ʳᵈ Cir. 1994).  Where good cause is shown for a protective order, the court must

15  balance the potential harm to the moving party's interests against the public's right to access the

16  court files.  *Kamakana*, 447 F.3d at 1179-89.

17         The documents that respondents seek to file under seal (Exhibits A, B, C, D, G, H, I, J, L, M,

18  Q, R, S, U, V, and MM) were submitted in support of respondents' motion to dismiss.  The motion

19  to dismiss is a dispositive motion and therefore respondents must show "compelling reasons" to

20  keep the document sealed.  *Kamakana*, 447 F.3d at 1179-89.  In the instant case, the documents

21  sought to be filed under seal contain sensitive information, including the full name of the minor

22  victim in the underlying criminal case upon which this habeas action is based.  On balance, the

23  potential harm to the parties and the affected individual's interests outweighs the public's right to

24  access these documents at Exhibits A, B, C, D, G, H, I, J, L, M, Q, R, S, U, V, and MM.

25  Respondents have made an adequate showing of compelling reasons to file the exhibits under seal.

26  Additionally, in the response to the motion to dismiss, counsel for petitioner requests that

27  respondents' Exhibit DD be sealed, because it contains a presentence report with unredacted

28  personal information including date of birth, social security number, address, and driver's license

-6-

1  number of petitioner Leavitt.  (ECF No. 56, at pp. 3-4).  The court finds that petitioner has made an

2  adequate showing of compelling reasons to file Exhibit DD under seal.  Accordingly, within ten (10)

3  days from the date of entry of this order, respondents shall electronically file under seal Exhibits A,

4  B, C, D, G, H, I, J, L, M, Q, R, S, U, V, DD, and MM, pursuant to Local Rule of Civil Practice 10-

5  5.  In filing these exhibits under seal, respondents need not file an accompanying motion for leave to

6  file documents under seal pursuant to Local Rule 10-5(b), because this order specifically permits the

7  filing of the exhibits under seal.

8      Significantly, counsel for petitioner indicates in his response to the motion to dismiss that he

9  has not received a copy of respondents' sealed exhibits.  (ECF No. 56, at p. 4, n.3).  It appears that

10  respondents failed to serve petitioner's counsel with the sealed documents.  Therefore, in addition to

11  electronically filing Exhibits A, B, C, D, G, H, I, J, L, M, Q, R, S, U, V, DD and MM under seal,

12  respondents shall also serve petitioner's counsel with a copy of those same sealed exhibits within

13  ten (10) days from the date of entry of this order.

14      Also in the response to the motion to dismiss, petitioner requests that the court strike

15  respondents' Exhibits DD, EE, FF, KK, LL, and VV.  Petitioner asks that the exhibits be stricken

16  because they do not directly relate to the counseled state habeas petition challenging the conviction

17  and sentence in this case.  (ECF No. 56, at pp. 2-3).  As outlined in the procedural history of this

18  order, *supra*, the court is aware that respondents' Exhibits DD, EE, FF, KK, LL, and VV relate to

19  petitioner's *pro se* petition challenging the computation of credit for time served, rather than the

20  counseled state petition challenging petitioner's conviction and sentence.  Because the exhibits are

21  related to the underlying criminal case, and because petitioner has not shown sufficient cause to

22  strike the exhibits, petitioner's request is denied.

23      Respondents seek to have stricken, sealed, or redacted certain documents filed by petitioner,

24  including the original *pro se* habeas petition (ECF No. 1), petitioner's *pro se* motion for evidentiary

25  hearing and discovery (ECF No. 7), and the counseled amended petition (ECF No. 36).

26  Respondents also seek to have stricken or redacted certain exhibits filed by petitioner, including

27  exhibits to the amended petition at ECF No. 31 and ECF No. 36.  Respondents argue that those

28  documents and exhibits contain the full name of the minor victim in the underlying criminal case.

1   Special Order 108 requires that if the involvement of a minor child must be mentioned, only the

2   initials of the minor should be used.  Special Order 108(b).  In response to respondents' motion,

3   petitioner agrees that documents and exhibits filed at ECF No. 1, ECF No. 19, ECF No. 30, ECF

4   No. 31, and ECF No. 35 should be withdrawn from the public record.  The court notes that ECF

5   Nos. 30 & 31 already have been stricken from the record.  Petitioner requests that the following

6   documents and exhibits be stricken:  ECF No. 1, ECF No. 7, ECF No. 19, ECF No. 33, and ECF

7   No. 36.  (ECF No. 52, at p. 6).  Accordingly, the clerk of court shall strike from the record the

8   documents and exhibits filed at ECF No. 1, ECF No. 7, ECF No. 19, ECF No. 33, and ECF No. 36.

9        Regarding ECF No. 39, the exhibits filed in support of the amended petition, petitioner seeks

10   permission to file fully redacted versions of the amended petition and supporting exhibits.

11   Petitioner's request is granted.  The court notes that petitioner has, in fact, already filed redacted

12   versions of the amended petition and supporting exhibits at ECF No. 54.  As such, the earlier filed

13   unredacted exhibits filed at ECF No. 39 shall be stricken by the clerk of court.

14        Respondents voice additional objections to specific exhibits filed by petitioner in support of

15   the amended petition.  Petitioner has filed new, redacted versions of the exhibits in support of the

16   amended petition at ECF No. 54, with each exhibit labeled in numeric order.  Many of respondents'

17   objections to petitioner's exhibits have been redacted or otherwise corrected at ECF No. 54.  If

18   respondents have further objections to particular exhibits filed by petitioner within ECF No. 54, they

19   may move for such exhibits to be stricken, redacted, or filed under seal.

20   **III. Motion to Dismiss**

21        **A. Procedural Bar Argument**

22        Respondents assert that the federal amended petition is procedurally barred because the

23   Nevada Supreme Court ruled that the state petition was untimely and an abuse of the writ.  (ECF

24   No. 48, at p. 12).  The Nevada Supreme Court's decision relied upon by respondents concerns the

25   *pro se* habeas petition filed on May 13, 2011, challenging the computation of credit for time served.

26   (Exhibits DD & VV).  By order filed April 11, 2012, in Case No. 59048, the Nevada Supreme Court

27   ruled that the petition challenging computation of time credit was procedurally barred as untimely

28   under NRS 34.726 and was an abuse of the writ under NRS 34.810(2).  (Exhibit VV).  This ruling

1   was entirely separate from proceedings of the post-conviction habeas petition challenging

2   petitioner's conviction and sentence, filed on January 8, 2010.  (Exhibit L).  On appeal from the

3   denial of the petition, in Case No. 57195, the Nevada Supreme Court reached the merits of the

4   appeal.  (Exhibit TT).  The claims raised in the federal petition concern the claims presented in the

5   state post-conviction habeas petition filed on January 8, 2010, and the claims on appeal in Case No.

6   57195, filed in the Nevada Supreme Court.  Because there was no procedural default of those

7   claims, the court rejects respondents' argument that petitioner's federal claims are procedurally

8   barred from review.

9        **B. Exhaustion**

10        **1. Exhaustion Standard**

11        Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies

12   on a claim before presenting that claim to the federal courts.  To satisfy the exhaustion requirement,

13   the claim must have been fairly presented to the state courts completely through to the highest court

14   available, in this case, the Nevada Supreme Court.  *See, e.g., Peterson v. Lampert*, 319 F.3d 1153,

15   1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state

16   courts, the petitioner must refer to the specific federal constitutional guarantee and must also state

17   the facts that entitle the petitioner to relief on the federal constitutional claim.  *Shumway v. Payne*,

18   223 F.3d 983, 987 (9th Cir. 2000).  Fair presentation requires that the petitioner present the state

19   courts with both the operative facts and the federal legal theory upon which the claim is based.  *See,*

20   *e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement ensures

21   that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon

22   and correct alleged violations of federal constitutional guarantees.  *See Coleman v. Thompson*, 501

23   U.S. 722, 731 (1991).

24        **2. Effect of State Petition Incorporated by Reference**

25        Petitioner argues that the claims in his federal habeas petition were raised in his post-

26   conviction habeas petition, motion to withdraw guilty plea, and supplement to the habeas petition,

27   all filed in state district court.  Petitioner argues that, on appeal to the Nevada Supreme Court, he

28   included a copy of the petition, motion to withdraw guilty plea, supplement, and exhibits within the

-9-

1  appendix to his fast track statement.  Petitioner asserts that by presenting his state court documents

2  in the appendix, he fairly presented the claims within those documents to the Nevada Supreme

3  Court for exhaustion purposes.  (ECF No. 56, at pp. 5-6).

4        Petitioner cites to the following cases, arguing that exhaustion is satisfied by including a

5  copy of the state court habeas petition in the appellate appendix: *Insyxiengmay v. Morgan*, 403 F.3d

6  657 (9ᵗʰ Cir. 2005); *Scott v. Schriro*, 567 F.3d 573 (9ᵗʰ Cir. 2009); *Greenway v. Schriro*, 653 F.3d

7  790 (9ᵗʰ Cir. 2011).  In each of these cases, the petitioner was deemed to have exhausted claims

8  before the state supreme court by incorporating issues presented in a lower court pleading within an

9  appendix to the appellate brief.  *Insyxiengmay*, 403 F.3d at 668-69; *Scott*, 567 F.3d at 582;

10  *Greenway*, 653 F.3d at 801-02.  In the *Insyxiengmay* case, the State of Washington's appellate rules

11  allowed for appellants to incorporate by reference issues presented in an appendix but not argued in

12  the actual appellate brief.  *Insyxiengmay*, 403 F.3d at 668-69.  In the *Scott* and *Greenway* cases,

13  Arizona's appellate rules allowed for incorporation by reference to issues presented in an appendix

14  but not argued in the appellate brief.  *Scott*, 567 F.3d at 582 n.8; *Greenway*, 653 F.3d at 801-02.

15        The cases discussed above must be distinguished from the instant case, because Nevada's

16  appellate rules do not allow for incorporation by reference.  "Parties shall not incorporate by

17  reference briefs or memoranda of law submitted to the district court or refer the Supreme Court to

18  such briefs or memoranda for the arguments on the merits of the appeal."  Nev. R. App. P. 28(e)(2).

19  Because incorporation by reference is a procedurally incorrect manner in which to present issues to

20  the Nevada Supreme Court, claims made in the post-conviction habeas petition and in motions filed

21  in the state district court are not exhausted by their inclusion in the appendix on appeal.  *See Castille*

22  *v. Peoples*, 489 U.S. 346, 351 (1989) (exhaustion cannot be achieved by a procedurally deficient or

23  improper means).

24        Moreover, to exhaust a claim, a petitioner must have presented his federal constitutional

25  issue before the highest available state court "within the four corners of his appellate briefing."

26  *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005).  The state's highest court is "not required

27  to comb the trial court's decision to discover [a] federal constitutional issue . . . " nor is it "required

28  to review the parties' trial court pleadings to see if it [can] discover for itself a federal constitutional

1  issue." *Id.* (citing *Baldwin v. Reese*, 541 U.S. 27 (2004)) (declining to require state appellate judges

2  to read lower court state opinions).  In this case, petitioner's state post-conviction habeas petition,

3  motion to withdraw guilty plea, and supplemental petition filed in the state district court contained

4  more claims than were presented on appeal in his fast track statement to the Nevada Supreme Court.

5  (*See* Exhibits L, M, U, MM).  Only those issues "within the four corners" of petitioner's state

6  appellate briefing, in this case, petitioner's fast track statement, were properly presented to the

7  Nevada Supreme Court for exhaustion purposes.

8  **3. Claims in the Federal Amended Petition**

9  Petitioner makes the following claims in his amended petition:

10  Ground 1:  Leavitt's state court conviction and/or sentence are
   unconstitutional, in violation of his Sixth Amendment right to
11  effective assistance of counsel based on trial counsel's performance in
   falling below an objective standard of reasonableness mandated by
12  *Strickland v. Washington*, 466 U.S. 688 (1984).

13  Ground 2:  Leavitt's state court conviction and/or sentence are
   unconstitutional, in violation of his Sixth Amendment right to
14  assistance of counsel because post-conviction counsel's performance
   fell below an objective standard of reasonableness mandated by
15  *Strickland v. Washington*, 466 U.S. 688 (1984).

16  Ground 3:  Leavitt's state court conviction and/or sentence are
   unconstitutional in violation of his Eighth Amendment right to not be
17  sentenced to a cruel and unusual punishment; Leavitt's sentence was
   disproportionate.
18
   Ground 4:  Leavitt's state court conviction and/or sentence are
19  unconstitutional in violation of his Fourteenth Amendment right to
   due process of law because the State could not prove every element of
20  the offenses lodged against him beyond a reasonable doubt.

21  Ground 5:  Leavitt's state court conviction and/or sentence are
   unconstitutional in violation of his Fifth Amendment right to due
22  process of law because Leavitt did not knowingly, voluntarily, or
   intelligently enter into his guilty plea.
23
   Ground 6:  Leavitt's state court conviction and/or sentence are
24  unconstitutional in violation of his Fourteenth Amendment guarantees
   of due process and equal protection based on the State's failure to turn
25  over evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), and
   prosecutorial misconduct.
26
   Ground 7:  Leavitt's state court conviction and/or sentence are
27  unconstitutional in violation of his Fourteenth Amendment right to
   due process of law and equal protection under the law because the
28  trial court made a series of errors and relied upon inaccurate

-11-

1 | information in making its sentencing determination, and abused its
2 | discretion in not allowing Leavitt to withdraw his plea of guilty at
  | sentencing and at the evidentiary hearing.

3 | Ground 8:  Leavitt's state court conviction and/or sentence are
4 | unconstitutional in violation his Fourteenth Amendment right of due
  | process of law because the Nevada Supreme Court made a series of
  | errors in making its appeal determination.

(ECF No. 54, Amended Petition).  In his fast track statement filed with the Nevada Supreme Court,

petitioner raised two claims: (1) the district court erred by not granting Mr. Leavitt a full and fair

evidentiary hearing on all of the issues in his writ of habeas corpus; and (2) the district court erred

by not allowing Mr. Leavitt to withdraw his guilty plea.  (Exhibit MM).  These were the only two

claims that were fairly presented to the Nevada Supreme Court for exhaustion purposes.  As such,

only portions of the amended petition that are exhausted are: (1) Ground 5, which alleges that

petitioner did not knowingly, voluntarily, or intelligently enter into his guilty plea, and (2) Ground 7,

limited to the portion alleging that the trial court abused its discretion in limiting the evidentiary

hearing to issues of ineffectiveness or counsel and abused its discretion in not allowing petitioner to

withdraw his guilty plea.  All other grounds of the amended petition were either presented only to

the state district court, or were not presented to the state courts at all.

### 4. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted

available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*,

455 U.S. 509, 510 (1982).  A "mixed" petition contains both exhausted and unexhausted claims.  *Id.*

In the instant case, the court finds that the following grounds of the amended petition are exhausted:

(1) Ground 5, which alleges that petitioner did not knowingly, voluntarily, or intelligently enter into

his guilty plea, and (2) Ground 7, limited to the portion alleging that the trial court abused its

discretion in limiting the evidentiary hearing to issues of ineffectiveness or counsel and abused its

discretion in not allowing petitioner to withdraw his guilty plea.  The court finds that all other

grounds of the amended petition are unexhausted.  Because the court finds that the amended petition

is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these

options:

-12-

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[3]  Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### C.  Failure to State a Claim

#### 1.  Ground 1

Respondents argue that parts of ground 1, alleging counsel's failure to investigate particular witnesses, fail to state a claim.  In particular, respondents contend that although the amended petition provides extensive analysis of why petitioner believes that more investigation was needed, the petition fails to state what testimony would have been elicited from each witness, and how such testimony would have altered the outcome of the case.  Respondents' arguments are better reserved for a substantive answer on the merits.  As such, at this juncture, the court declines to find that any portion of ground 1 fails to state a claim.

/ / / / / / / / / / /

#### 2.  Ground 2

---

[3]  In his response to the motion to dismiss, petitioner indicates that if the court finds some claims unexhausted, he requests to abandon those claims and re-file his petition without them. (ECF No. 56, at p. 19, lines 25-26.)  Nevertheless, the court gives petitioner all available options for dealing with his unexhausted claims, pursuant to *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

-13-

Respondents also argue that ground 2 of the amended petition fails to state a cognizable claim for federal habeas corpus relief.  In ground 2, petitioner alleges that his Sixth Amendment right to the effective assistance of counsel was violated because post-conviction counsel's performance fell below an objective standard of reasonableness.  Petitioner has no right to the effective assistance of counsel during state post-conviction proceedings.  28 U.S.C. § 2254(i); *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993); *Martinez v. Ryan*, 132 S.Ct. 1309, 1319 (2012) (United States Supreme Court expressly eschewed making a holding that a freestanding right to counsel existed in state post-conviction proceedings).  Ground 2 of the amended petition is dismissed with prejudice for failure to state a cognizable federal habeas corpus claim.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to file exhibits under seal (ECF No. 51) is **GRANTED**.  Additionally, petitioner's request to file respondents' exhibit DD under seal is **GRANTED.**  Within **ten (10) days** from the date of entry of this order, respondents **SHALL ELECTRONICALLY FILE UNDER SEAL** Exhibits A, B, C, D, G, H, I, J, L, M, Q, R, S, U, V, DD, and MM, pursuant to Local Rule of Civil Practice 10-5.

**IT IS FURTHER ORDERED** that, within **ten (10) days** from the date of entry of this order, respondents **SHALL SERVE** petitioner's counsel with a copy of sealed Exhibits A, B, C, D, G, H, I, J, L, M, Q, R, S, U, V, DD and MM.

**IT IS FURTHER ORDERED** that petitioner's request that the court strike respondents' Exhibits DD, EE, FF, KK, LL, and VV is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to strike improperly filed exhibits (ECF No. 51) is **GRANTED IN PART** as follows:  The clerk of court shall strike from the record the documents and exhibits filed at ECF No. 1, ECF No. 7, ECF No. 19, ECF No. 33, and ECF No. 36.

**IT IS FURTHER ORDERED** that ECF No. 39 shall be stricken by the clerk of court.

1    **IT IS FURTHER ORDERED** that petitioner's motion to file a redacted amended petition
2  and exhibits (ECF No. 52) is **GRANTED**, as the redacted amended petition and exhibits have been
3  filed at ECF No. 54.

4    **IT IS FURTHER ORDERED** that respondents' motion for an extension in which to file a
5  reply regarding the motion to dismiss (ECF No. 58) is **GRANTED**, *nunc pro tunc*.

6    **IT IS FURTHER ORDERED** that respondents' motion to dismiss the amended petition
7  (ECF No. 48) is **GRANTED IN PART AND DENIED IN PART**, as follows:

8    1.  The claims in the federal petition were not procedurally defaulted in state court, therefore
9  the motion to dismiss the federal petition as procedurally barred is denied.

10    2.  The following grounds of the amended federal petition are exhausted: (1) Ground 5,
11  which alleges that petitioner did not knowingly, voluntarily, or intelligently enter into his guilty
12  plea, and (2) Ground 7, limited to the portion alleging that the trial court abused its discretion in
13  limiting the evidentiary hearing to issues of ineffectiveness or counsel and abused its discretion in
14  not allowing petitioner to withdraw his guilty plea.  All other grounds of the amended petition are
15  unexhausted.

16    3.  Ground 1 of the amended petition states a cognizable federal habeas corpus claim.

17    4.  Ground 2 of the amended petition is **DISMISSED WITH PREJUDICE** for failure to
18  state a cognizable federal habeas corpus claim.

19    **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)**
20  inform this court in a sworn declaration that he wishes to formally and forever abandon the
21  unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds;
22  **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without
23  prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion
24  for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns
25  to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and
26  abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in
27  Local Rule 7-2.

28

1   **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds,

2   respondents shall have **thirty (30) days** from the date petitioner serves his declaration of

3   abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer

4   shall contain all substantive and procedural arguments as to all surviving grounds of the petition,

5   and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District

6   Courts under 28 U.S.C. §2254.

7   **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service

8   of respondents' answer in which to file a reply.

9   **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time

10  permitted, this case may be dismissed.

      Dated March 9, 2015.


                                          UNITED STATES DISTRICT JUDGE