**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CODY CORY LEAVITT,  )
        Petitioner,  )    2:12-cv-00987-JCM-CWH
        )
vs.  )    **ORDER**
        )
DWIGHT NEVEN, *et al.*,  )
        )
        Respondents.  )
_____/

    On March 9, 2015, ths court entered an order that granted in part, and denied in part, respondents' motion to dismiss (ECF No. 48). ECF No. 60. Having concluded that petitioner's amended petition contains unexhausted claims, the court gave the petitioner thirty days to either abandon his unexhausted claims, voluntarily dismiss his petition without prejudice while he pursues exhaustion in state court, or file a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).

    Subsequent to that order, petitioner filed, pro se, a motion to discharge counsel (ECF No. 64) and a motion for stay and abeyance (ECF No. 66). Respondents moved to strike the latter filing on the ground that this court previously ordered the petitioner to refrain from filing further pro se pleadings (ECF No. 34). ECF No. 67. Finally, petitioner's counsel filed a notice indicating that petitioner wishes file a motion for stay and abeyance (verified by an attached declaration from

petitioner) and seeking this court's direction on how to proceed in light of petitioner's desire to have him relieved as counsel. ECF No. 69.

In asking the court to require counsel to remove himself from the case, petitioner alleges that counsel has not devoted sufficient time to his case and has failed to communicate with him. While not necessarily agreeing with petitioner's allegations, counsel represents to the court that there has been a breakdown in communication with his client. ECF No. 68. Accordingly, he joins in petitioner's request to have himself relieved as counsel. *Id*.

While the court is inclined to grant petitioner's request, judicial efficiency and the petitioner's interests will be best served by having counsel prepare and file petitioner's motion for stay and abeyance. If that motion is granted, petitioner may request appointment of new counsel in state court. If it is denied, the court will revisit whether counsel shall be discharged in this action.

**IT IS THEREFORE ORDERED** that petitioner's motion to discharge counsel (ECF No. 64) is DENIED.

**IT IS FURTHER ORDERED** that respondents' motion to strike (ECF No. 67) is GRANTED. The clerk of court shall **strike** from the record the document filed at ECF No. 66.

**IT IS FURTHER ORDERED** that petitioner, through appointed counsel, shall file, within **twenty (20) days** of the entry of this order, a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. In all other respects, the order entered on March 9, 2015 (ECF No. 60), governs further proceedings in this matter.

**IT IS FURTHER ORDERED** that the motion identified on the docket as a "motion for more definite statement" (ECF No. 69) is DENIED as moot.

Dated May 18, 2015.

UNITED STATES DISTRICT JUDGE

2