UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| CODY CORY LEAVITT, ) | |
| ) | |
| Petitioner, ) | 2:12-cv-00987-JCM-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DWIGHT NEVEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| _____/ | |

On March 9, 2015, this court entered an order that granted in part, and denied in part, respondents' motion to dismiss (ECF No. 48). ECF No. 60. Having concluded that petitioner's amended petition contains unexhausted claims, the court gave the petitioner thirty days to either abandon his unexhausted claims, voluntarily dismiss his petition without prejudice while he pursues exhaustion in state court, or file a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). On May 18, 2015, the court entered an order that extended that deadline for twenty days. ECF No. 70. On June 8, 2015, petitioner, through counsel, filed a motion for stay and abeyance. ECF No. 71. For the reasons that follow, that motion shall be granted.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court in *Rhines* went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhine*s, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id*. An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278).

Here, Leavitt contends that his state post-conviction counsel was ineffective and, despite Leavitt's repeated requests, failed to present issues to the state court that are now before this court as unexhausted claims. The court of appeals in *Blake* held that ineffective assistance of counsel by post-conviction counsel can constitute good cause to obtain a *Rhines* stay. *Blake*, 745 F.3d at 983.

In so holding, the court noted that its decision was consistent with *Martinez v. Ryan*, ––– U.S. –––, –––, 132 S.Ct. 1309, 1315 (2012), in which the United States Supreme Court held that ineffective assistance by state post-conviction counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. (quoting *Martinez*, 132 S.Ct. at 1315)

Leavitt has demonstrated good cause under *Rhines* for failing to exhaust certain claims prior to filing his federal petition. In reaching this conclusion, the court is deciding only the preliminary procedural issue of whether the federal action should be stayed while the petitioner pursues further exhaustion in the state courts. *See Blake*, 745 F.3d at 984 (satisfaction of the *Rhines* good-cause standard "only permits a petitioner to return to state court . . . to exhaust his unexhausted claims" and thus does not require a stronger showing than that required to establish cause under *Martinez* to overcome a procedural default). The court reserves judgment as to merits of petitioner's unexhausted habeas claims and as to whether any procedural default of those claims shall be excused. *Cf. Gonzalez*, 667 F.3d 965, 979–80 (9th Cir.2011), *cert. denied*, 133 S.Ct. 155 (2012) (noting that, in the circumstances presented, a stay was appropriate because it provided the state courts with the first opportunity to resolve a *Brady* claim based upon evidence developed on federal habeas review).

Respondents do not dispute that Leavitt's unexhausted claims are not "plainly meritless" and that Leavitt has not engaged in dilatory litigation tactics. Because this court concludes that Leavitt has satisfied the criteria for a stay under *Rhines*, his motion for a stay and abeyance of this federal habeas corpus proceeding shall be granted.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 71) is GRANTED. This action is STAYED pending exhaustion of petitioner's unexhausted claims.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner further litigating his state post-conviction petition or other appropriate proceeding in state court and

returning to federal court with a motion to reopen within **forty-five (45) days** of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

  **IT IS FURTHER ORDERED** that the Clerk shall administratively close this action, until such time as the court grants a motion to reopen the matter.

  Dated October 16, 2015.

                _____
                UNITED STATES DISTRICT JUDGE