# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CODY CORY LEAVITT, )
            Petitioner, )    2:12-cv-00987-JCM-CWH
vs. )    **ORDER**
DWIGHT NEVEN, *et al.*, )
            Respondents. )

This is a habeas corpus action brought under 28 U.S.C. § 2254. On August 26, 2016, this court entered an order lifting the stay of these proceedings and giving respondents 60 days to file and serve an answer or other response to petitioner Leavitt's amended petition (ECF No. 54). ECF No. 79. Now pending before the court is respondents' motion to dismiss. ECF No. 102. In addition, the petitioner and the respondents have filed numerous non-dispositive motions. ECF Nos. 81, 82, 84, 87, 88, 89, 91, 92, 93, 94, 96, 97, 98, 102, 107, 108, 115, 118, and 119. This order decides all the foregoing motions.

With their motion to dismiss, respondents argue that Grounds 1, 3, 4, 6, a portion of Ground 7, and Ground 8 should be dismissed as procedurally defaulted.[1] These are the grounds this court determined to be unexhausted in its order of March 9, 2015, prior to granting Leavitt an exhaustion

---

[1] Respondents also identify Ground 2 as a procedurally defaulted claim, however, that claim has already been dismissed with prejudice for failure to state a cognizable claim for federal habeas relief. ECF No. 60.

stay. ECF No. 60. In support of their motion to dismiss, respondents contend that Leavitt did not fairly present these claims to the state court, despite being granted a stay of that purpose. More specifically, respondents contend that Leavitt filed a state post-conviction petition that merely stated as grounds "see habeas" and alleged thereunder that "counsel never sent any pages after p. 66." See ECF No. 103-1. Respondents further contend that Leavitt filed a supplemental state petition that presented various claims, but none of the unexhausted claims in his amended federal petition. See ECF No. 103-2. As an alternative or additional basis for finding that Leavitt's claims remain unexhausted, respondents note that the Nevada Supreme Court dismissed as untimely Leavitt's appeal of the state district court's determination that his state post-conviction petition was procedurally barred under Nevada law. See ECF No. 103-5.

In response to Leavitt's claim that he submitted a copy of his amended federal petition as part of his state petition, respondents have provided a copy of the amended federal petition stamped "received" by the state court on November 3, 2015. ECF No. 120-1. However, the document is also stamped "please file left side." *Id*. Presumably because it was not physically attached to the state petition and bore a federal court case number and caption, the document was lodged, but not formally filed, in Leavitt's state post-conviction proceeding.

Whether or not this was sufficient to fairly present the claims in the amended federal petition to the state court is not an issue that must be resolved here because, in either case, the claims are procedurally defaulted. If this court were to determine that the claims were fairly presented to the state district court, Leavitt's untimely appeal resulted in the claims being procedurally barred by the Nevada Supreme Court. Nevada law deprives the Nevada Supreme Court of jurisdiction over untimely appeals. *Lozada v. State*, 871 P.2d 944, 946 (Nev. 1994). The late appeal does not mean that Leavitt did not fairly present his claims to the Nevada Supreme Court, but, instead, that the claims are "procedurally barred under the independent and adequate state ground doctrine, which prohibits federal habeas review 'when a state court declined to address a prisoner's federal claims

2

because the prisoner had failed to meet a state procedural requirement.'" *Correll v. Stewart*, 137 F.3d 1404, 1417 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).

If, on the other hand, this court were to determine that the claims were not fairly presented to the state district court, it is clear at this point that no state remedies are currently available to Leavitt. That is, if Leavitt were to return to state court and present his federal habeas claims, the state courts would find the claims procedurally barred as untimely and successive.[2] "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014). Thus, even if not exhausted in the conventional sense, Leavitt's claims are technically exhausted and procedurally defaulted.

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

---

[2] Pursuant to Nev. Rev. Stat. § 34.726(1), a petition that challenges the validity of a judgment or sentence must be filed within one year after entry of the judgment of conviction or within one year after the appellate court issues its remittitur unless there is good cause for the delay. Pursuant to Nev. Rev. Stat. § 34.810(2), (3), a judge must dismiss a second or successive petition if the petition fails to demonstrate good cause for the petitioner's failure to present the claim in the original petition. The state district court imposed both bars in dismissing Leavitt's 2015 state post-conviction petition. ECF No. 103-4.

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

This court granted Leavitt a stay for the sole purpose of returning to state court to exhaust his federal claims. Thus, it is difficult to conceive how he might demonstrate cause for his procedural default.[3] Nonetheless, before dismissing his claims as procedurally defaulted, this court will give Leavitt notice of the procedural default and an opportunity to respond. *See Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *see also Windham v. Merkle*, 163 F.3d 1092, 1101 (9th Cir. 1998).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 102) is GRANTED. Grounds 1, 3, 4, 6, a portion of Ground 7,[4] and Ground 8 of the amended petition (ECF No. 54) are procedurally defaulted.

**IT IS FURTHER ORDERED** that Petitioner shall have **forty-five (45) days** from the date this order is entered to file a written response and show cause why the defaulted claims should not be

---

[3] With respect to ineffective assistance of trial counsel claims, the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012), held that when a State requires a prisoner to raise such a claim in a collateral proceeding, a prisoner may establish cause for a default of the claim where the state courts did not appoint counsel in the initial-review collateral proceeding or where appointed counsel in the initial-review collateral proceeding was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). 566 U.S. at 14. *Martinez* does not assist petitioner here though because the Court in *Martinez* made clear that this holding is limited to attorney errors (or lack of counsel) in *initial-review* collateral proceedings. 566 U.S. at 16.

[4] Previously identified as the part of the claim alleging errors other than the trial court's abuse of discretion in limiting the evidentiary hearing to issues of ineffectiveness of counsel and in not allowing petitioner to withdraw his guilty plea. ECF No. 60.

dismissed with prejudice.  In responding to this order, petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that his defaults should excused.

Petitioner is warned that if a timely response to this order is not made, petitioner will waive his right to respond and the court will, without further notice, issue an order dismissing the defaulted claims with prejudice.

**IT IS FURTHER ORDERED** that, should petitioner file a timely response, respondents shall thereafter have **thirty (30) days** to file their opposition.  The matter shall then be deemed submitted for the court's consideration.

**IT IS FURTHER ORDERED** that petitioner's motion to supplement the record (ECF No. 81) and motions for leave to file (ECF Nos. 115 and 118) are GRANTED.  Petitioner's remaining motions (ECF Nos. 88, 89, 91, 92, 93, 94, 96, 98, 107, and 108) are DENIED.

**IT IS FURTHER ORDERED** that respondents' motions for extensions of time (ECF Nos. 82, 84, 87, and 97) and motion for late filing (ECF No. 119) are GRANTED *nunc pro tunc* as of their respective filing dates.

Dated September 26, 2017.

_____
UNITED STATES DISTRICT JUDGE