1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT

8                             DISTRICT OF NEVADA

9                                    * * *

10   CODY CORY LEAVITT,                    Case No. 2:12-cv-00987-JCM-CWH

                                Petitioner,
11       v.                                            ORDER

12
     DWIGHT NEVEN, et al.,
13
                               Respondents.
14

15

16        This is a habeas corpus action brought under 28 U.S.C. § 2254. On September

17   26, 2017, this court entered an order finding Grounds 1, 3, 4, 6, a portion of Ground 7,

18   and Ground 8 of Leavitt's amended petition (ECF No. 54) to be procedurally defaulted.

19   ECF No. 125. Accordingly, the court directed Leavitt to show cause why the claims

20   should not be dismissed with prejudice. *Id.*

21        Since the issuance of the court's order to show cause, Leavitt has filed numerous

22   "motions" (ECF Nos. 128-135), including two that address the issue of procedural

23   default (ECF No. 128 and 132) and one that requests appointment of counsel (ECF

24   Nos. 131/135). This order decides all pending motions.[1]

25

26   _____

     [1] Prior to the court's order to show cause, Leavitt filed a motion to strike (ECF No. 122) and a motion to consolidate
27   cases (ECF No. 124), neither of which had been briefed at the time the court entered the order. Both motions are
     without merit and shall be denied.

28

1          1. *Cause for procedural default.*

2          Federal courts will consider a procedurally defaulted claim only if the petitioner

3    demonstrates cause and prejudice or a fundamental miscarriage of justice. *Coleman v.*

4    *Thompson,* 501 U.S. 722, 750 (1991). To demonstrate cause, a petitioner must show

5    that "some objective factor external to the defense impeded [his] efforts to comply with

6    the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To

7    demonstrate prejudice, a petitioner must show that the constitutional violations alleged

8    in his § 2254 petition "worked to his actual and substantial disadvantage." *United States*

9    *v. Frady*, 456 U.S. 152, 170 (1982) (emphasis omitted).

10          To establish that a fundamental miscarriage of justice would occur if a claim were

11   not heard on the merits in federal court, a petitioner must demonstrate that "a

12   constitutional violation has probably resulted in the conviction of one who is actually

13   innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual

14   innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623

15   (1998). This is a narrow exception, and it is reserved for extraordinary cases only.

16   *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by

17   evidence do not tend to establish actual innocence sufficient to overcome a procedural

18   default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

19          As recounted in its order to show cause, this court granted Leavitt a stay for the

20   sole purpose of returning to state court to exhaust his federal claims. ECF No. 125.

21   Instead of properly pursuing state court relief for his unexhausted claims, Leavitt

22   appears to have improperly presented his claims in the state district court. *Id.*, p. 2.

23   And, even if the claims were properly presented to the lower court, Leavitt failed to

24   timely appeal the state district court's dismissal of his post-conviction petition. *Id. See*

25   *Correll v. Stewart*, 137 F.3d 1404, 1417 (9th Cir. 1998) (holding that claims are

26   "procedurally barred under the independent and adequate state ground doctrine, which

27   prohibits federal habeas review when a state court declined to address a prisoner's

28

2

1  federal claims because the prisoner had failed to meet a state procedural requirement"

2  (internal quotation omitted)).

3  　　　In responding to the court's order to show cause, Leavitt has not demonstrated

4  cause and prejudice or a fundamental miscarriage of justice under the standards

5  articulated above. He contends that he is entitled to discovery and an evidentiary

6  hearing in order show cause, but fails to specify on what basis or how he would

7  establish that his procedural defaults should be excused. ECF Nos. 128/147.

8  　　　Leavitt claims that he can establish cause under *Martinez v. Ryan*, 566 U.S. 1

9  (2012). ECF Nos. 132/146. The Supreme Court in *Martinez* held that when a State

10 requires a prisoner to raise an ineffective assistance of counsel (IAC) claim in a

11 collateral proceeding, a prisoner may establish cause for a default of the claim where

12 the state courts did not appoint counsel in the initial-review collateral proceeding or

13 where appointed counsel in the initial-review collateral proceeding was ineffective under

14 the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). 566 U.S. at 14.

15 　　　*Martinez* does not apply here because Leavitt's post-conviction counsel raised

16 the relevant IAC claims in his initial-review collateral proceeding. ECF No. 62-1. The

17 state district court held an evidentiary hearing on the claims, at which counsel presented

18 evidence and elicited extensive testimony from Leavitt's trial counsel. ECF No. 54-23, p.

19 21-26; ECF No. 54-24, p. 1-37. The claims were not fairly presented in Leavitt's

20 subsequent appeal (see ECF No. 60, p. 12), but the Court in *Martinez* made clear that

21 its holding does not extend beyond attorney errors (or lack of counsel) in *initial-review*

22 collateral proceedings, meaning that it "does not concern attorney errors in other kinds

23 of proceedings, *including appeals from initial-review collateral proceedings*, second or

24 successive collateral proceedings, and petitions for discretionary review in a State's

25 appellate courts." 566 U.S. at 16 (citations omitted) (emphasis added).

26 　　　Leavitt has failed to show cause why his procedurally defaulted claims should not

27 be dismissed with prejudice.

28

2. *Motion for appointment of counsel.*

This court appointed the Federal Public Defender (FPD) as counsel for Leavitt at the outset of this case. ECF No. 6. When the FPD declined representation due to a conflict of interest, the court appointed CJA Counsel, Todd Leventhal. ECF No. 12. The court granted Leventhal's motion to withdraw when this case was stayed for state-court exhaustion purposes. ECF No. 76. Leavitt has moved the court for appointment of new counsel, citing the complexity of his case and the need for assistance in showing cause for his procedural defaults. ECF Nos. 131/135.

Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

In the absence of any discernable argument that Leavitt's procedural defaults should be excused, counsel would not benefit Leavitt in attempting to revive Grounds 1, 3, 4, 6, a portion of Ground 7, and Ground 8. Simply put, Leavitt's failure to properly present those claims in his last state court proceeding was fatal to any remaining possibility that this court would address them on the merits. Leavitt's remaining claims

1    are not particularly complex.[2] Thus, the court declines to appoint counsel for Leavitt at

2    this point in the proceedings.

3            3. *Remaining motions.*

4        Leavitt's remaining motions consist of a motion for certificate of appealability

5    (ECF No. 129), a motion for recusal of judge (ECF No. 130), and two motions for

6    reconsideration (ECF Nos. 133/134). Leavitt has not established sufficient grounds for

7    granting any of these motions. They shall be denied.

8        **IT IS THEREFORE ORDERED** that Grounds 1, 3, 4, 6, a portion of Ground 7,

9    and Ground 8 of the amended petition (ECF No. 54) are dismissed with prejudice as

10    procedurally defaulted.

11        **IT IS FURTHER ORDERED** that all pending motions (ECF Nos. 122, 124, and

12    128-135) are DENIED.

13        **IT IS FURTHER ORDERED** that the respondents shall have **forty-five (45) days**

14    from the date on which this order is entered to answer the remaining claims in the

15    amended petition (ECF No. 54). To the extent they have not done so already,

16    respondents shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the

17    United States District Courts. Petitioner shall have **forty-five (45) days** from the date on

18    which the answer is served to file a reply.

19        DATED August 3, 2018.

20

21                                  UNITED STATES DISTRICT JUDGE

22

23

24

25    [2] The remaining claims are Ground 5, which alleges that petitioner did not knowingly, voluntarily, or intelligently enter into his guilty plea, and Ground 7, limited to the portion alleging that the trial court abused its discretion in

26    limiting the evidentiary hearing to issues of ineffectiveness or counsel and abused its discretion in not allowing petitioner to withdraw his guilty plea. Ground Two was dismissed for failure to state a cognizable federal habeas

27    claim. ECF No. 60.

28