UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CODY CORY LEAVITT, | Case No. 2:12-cv-00987-JCM-CWH |
| Petitioner, | |
| v. | ORDER |
| DWIGHT NEVEN, et al., | |
| Respondents. | |

This is a habeas corpus action brought under 28 U.S.C. § 2254. On August 3, 2018, this court entered an order dismissing as procedurally defaulted Grounds 1, 3, 4, 6, a portion of Ground 7, and Ground 8 of Leavitt's amended petition (ECF No. 54). ECF No. 150. The court arrived at that decision after concluding that Leavitt had failed to demonstrate cause and prejudice or a fundamental miscarriage of justice in relation to his defaults. *Id.* On August 15, 2018, Leavitt filed a motion asking this court to reconsider its decision. ECF No. 151. For the reasons that follow, the motion is denied.

First, Leavitt argues that, given the opportunity, he can demonstrate a fundamental miscarriage of justice based on his actual innocence. "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Further, "the petitioner

must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

In support of his actual innocence claim, Leavitt cites to evidence indicating that DNA samples in his case may have been contaminated. Such evidence, by itself, falls well short of establishing his actual innocence, especially in light of his plea of guilty to the relevant charge. *Id.* at 324 ("[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."). In addition, the evidence cited is hardly "new" inasmuch as it was presented in his first state post-conviction proceeding in 2010. ECF No. 63-5.

Next, Leavitt claims that the state district court's mishandling of his post-conviction petition was a "factor external to the defense [that] impeded [his] effort to comply with the State's procedural rule." ECF No. 151, p. 7-8. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). He fails to address, however, why he failed to timely appeal the state district court's dismissal of his petition. ECF No. 125, p. 2.

Leavitt also argues that this court erred by not treating his unexhausted claims as technically exhausted in the first place, rather than having him return to state court, because state court remedies were no longer available under state law. Even if that is the case, however, Leavitt claims would nonetheless be subject to the procedural default doctrine. *See Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007). His suggestion that the default of the claims could be excused based on the holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), is inaccurate because, as this court has previously pointed out, the default did not arise from his failure to present the claims in his in "initial-review collateral proceedings." ECF No. 150, p. 3 (citing *Martinez*, 566 U.S. at 16).

Having found no grounds reconsideration, the court stands by its prior decision.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 151) is DENIED.

**IT IS FURTHER ORDERED** that the respondents' motion for extension of time (ECF No. 152) is GRANTED *nunc pro tunc* as of September 13, 2018. Respondents' second motion for extension of time (ECF No. 154) is also GRANTED. Respondents' shall have until December 3, 2018, to answer the remaining claims in the amended petition (ECF No. 54). To the extent they have not done so already, respondents shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have **45 days** from the date on which the answer is served to file a reply.

**IT IS FURTHER ORDERED** that petitioner's' motion for extension of time (ECF No. 156) is GRANTED.

DATED October 22, 2018.

_____
UNITED STATES DISTRICT JUDGE