UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KFIR HIRSCH, fka CODY CORY LEAVITT,

Petitioner,

v.

DWIGHT NEVEN, et al.,

Respondents.

Case No. 2:12-cv-00987-JCM-DJA

ORDER

Before the court for a decision on the merits is a petition for a writ of habeas corpus filed by Kfir Hirsch. ECF No. 54. For reasons that follow, the petition will be denied.

I. PROCEDURAL BACKGROUND[1]

In March 2007, the State of Nevada filed a criminal complaint against petitioner charging him with battery with the use of a deadly weapon, first degree kidnapping, sexual assault on a minor under fourteen years of age, and lewdness with a child under the age of fourteen. After a preliminary hearing, the State filed, in the Eighth Judicial District Court for Nevada, an information with the same crimes alleged in the criminal complaint.

In October 2008, the State filed an amended information against petitioner, charging him with one count of child abuse and neglect with substantial bodily harm.

---

[1] This background is derived from exhibits filed at ECF Nos. 49-50, 54, 61-63, 103 and 112, and from this court's own docket.

Also on that day, a guilty plea agreement was filed, in which petitioner agreed to enter a guilty plea to the lone count in the amended information.

In January 2009, petitioner was sentenced to 60-180 months in the Nevada Department of Corrections, with 35 days credit for time served, and ordered to pay $45,757.31 in restitution. The judgment of conviction was filed on January 29, 2009.

In January 2010, petitioner filed a counseled post-conviction habeas petition in the state district court. A few days later, he filed a counseled motion to withdraw his guilty plea. The court held an evidentiary hearing in May 2010. Shortly thereafter, the court denied petitioner's motion to withdraw guilty plea and, on July 29, 2010, the court filed findings of fact and conclusions of law denying the post-conviction habeas petition. The state district court ruled that petitioner received effective assistance of counsel and that petitioner freely, voluntarily, and knowingly entered his guilty plea. Petitioner appealed both decisions.

In November 2011, the Nevada Supreme Court filed an order to show cause why the appeal should not be dismissed for lack of jurisdiction because the findings of fact, conclusions of law, and order of July 29, 2010, did not resolve all of the claims raised in the petition. In January 2012, the Nevada Supreme Court entered an order finding, upon further review, that the district court's order resolved all claims for relief sought, and that it had jurisdiction to hear the appeal from the denial of the habeas petition and the motion to withdraw guilty plea. In March 2012, the Nevada Supreme Court filed an order affirming the denial of the post-conviction habeas petition and motion to withdraw guilty plea.

Petitioner initiated this proceeding on May 14, 2012. In July 2012, this court granted petitioner's motion for the appointment of counsel. When the Federal Public Defender for Nevada filed a notice of conflict preventing that office from representing petitioner, the court appointed CJA panel attorney Todd M. Leventhal to represent

petitioner in this action. Petitioner filed an amended petition in October 2013, which was subsequently re-filed in March 2014 in redacted form.

In March 2014, respondents moved to dismiss the amended petition. This court granted the motion in part, finding petitioner had exhausted only two claims – Claim Five and a portion of Claim Seven. The court also dismissed Claim 2 for failing to state a cognizable federal claim. Petitioner was granted a stay in October 2015 to allow him to exhaust his unexhausted claims in state court. While the stay was pending, Leventhal was permitted to withdraw as counsel.

After the stay was lifted, this court determined that petitioner had failed to properly present his unexhausted claims to the state court and ultimately dismissed them as procedurally defaulted. The court now addresses petitioner's remaining claims – Claim Five and a portion of Claim Seven – on the merits.

II. STANDARDS OF REVIEW

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254(d) sets forth the standard of review under AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. "[A] federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

"[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), overruled on other grounds by *Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014).; *see also Miller-El*, 537 U.S. at 340 ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual

4

grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).").

Because de novo review is more favorable to the petitioner, federal courts can deny writs of habeas corpus under § 2254 by engaging in de novo review rather than applying the deferential AEDPA standard. *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

III. DISCUSSION

In Claim Five, petitioner alleges that his state court conviction is unconstitutional in violation of his Fifth Amendment right to due process of law because he did not knowingly, voluntarily, or intelligently enter into his guilty plea. In a portion of Claim Seven that remains before the court for adjudication, petitioner alleges his conviction is unconstitutional in violation of his Fourteenth Amendment right to due process of law and equal protection under the law because the trial court abused its discretion in not allowing him to withdraw his guilty plea.

In support of these claims, he contends that he did not understand or was not informed of the direct consequences of his plea – such as the waiver of his right to appeal, the exact charges to which he was pleading guilty, and the absence of a clause in his plea agreement guaranteeing that he would not be required to register as a sex offender. He also claims that his plea canvass was inadequate because it did not mention possible restitution and did not include his admission to the facts supporting the charged offense. In addition, he points out that neither the trial court nor his counsel advised him on any lesser included offenses such as coercion, child neglect without violence or open or gross lewdness.

In petitioner's state post-conviction proceeding, the Nevada Supreme Court addressed these claims as follows:

> Leavitt contends that the district court abused its discretion by denying his post-conviction motion to withdraw his guilty plea. He specifically claims that his plea was not knowingly entered because he

was not informed of the restitution amount, the plea canvass was inadequate because he had no recollection of the offense he was accused of committing, and the State failed to prove the charged offense.

The district court may grant a post-conviction motion to withdraw a guilty plea where necessary "[t]o correct manifest injustice." NRS 176.165. In determining whether a manifest injustice has occurred, the court should consider whether the defendant acted voluntarily, understood the nature of the charges against him, and understood the consequences of his plea. *See Wilson v. State*, 99 Nev. 362, 372-73, 664 P.2d 328, 334-35 (1983). "On appeal from the district court's determination, we will presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of discretion." *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986).

The record reveals that Leavitt was originally charged with first-degree kidnapping, battery with use of a deadly weapon, sexual assault on a minor under the age of 14, and battery with the intent to commit sexual assault. Leavitt pleaded guilty to a fictitious charge of child abuse and neglect with substantial bodily harm; was appropriately canvassed by the district court; and acknowledged that he read and understood the written plea agreement, the DNA evidence indicated that he had sexual contact with the 13-year old victim, and he believed he was guilty of committing a sexual offense upon the victim. The written plea agreement expressly informed Leavitt that he may be ordered to pay restitution. Based on this record, we conclude that Leavitt has not demonstrated the existence of manifest injustice or shown that the district court clearly abused its discretion by denying his motion to withdraw his guilty plea.

ECF No. 50-18, p. 2-3.

Reviewed under § 2254(d), the state court's adjudication of the claim did not "result[] in a decision that was contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor did it "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). "Where … a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the

voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Id.* at 56-57 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

At the evidentiary hearing on petitioner's state post-conviction petition, petitioner's trial counsel, Jason Weiner, testified at length about the circumstances that gave rise to the plea agreement in this case. ECF No. 54-23, p. 21-26; ECF No. 54-24, p. 1-37. According to his testimony, he initially had "no interest in negotiations" and intended to go to trial. *Id.*, p. 15, 21. His approach changed, however, when the results of DNA testing showed the presence of the victim's DNA on petitioner's anatomy and a defense expert indicated that sexual contact was the only explanation for the results. *Id.*; p. 11, 15, 20-21, 26, 31. Also, because the victim was only 13 years old, petitioner faced a possible life sentence irrespective of consent. *Id.*, p. 30-32.

Weiner further testified that the plea negotiations involved two options: (1) plead guilty to an attempted lewdness charge that would allow for the possibility for probation, but would require lifetime registration as a sex offender; or (2) plead guilty to a non-sexual offense with a mandatory sentence of at least two years, but not more than 20 years, and not be required to register as a sex offender. *Id.*, p. 17, 26. He discussed these options "extensively" with the petitioner, pointing out among other things that probation was not guaranteed under the first option. *Id.*, p. 26-27. He also considered the possibility of having the DNA samples independently tested, but after inquiring as to cost and speaking with petitioner and petitioner's family, concluded that it would be cost prohibitive. *Id.*, p. 21, 25. Petitioner chose to accept the prison term and avoid the sex offender registration requirement. *Id.*, p. 16, 27.

As noted by the Nevada Supreme Court, petitioner confirmed during the court's plea canvass that he read and understood the guilty plea agreement, including the rights he was waiving and the sentencing range. ECF No. 54-31, p. 31-32. The plea agreement also notified petitioner of the possibility for restitution. ECF No. 61-6, p. 3. Attached to the plea agreement was an amended information notifying petitioner of the charge against him and the factual basis supporting the charge. *Id.*, p. 8. In addition, the following exchange occurred:

> The Court: And has the defendant have [sic] a chance to review the actual evidence so that he understands that the DNA evidence indicates that he, in fact, in some fashion, had a sexual relation of some sort, sexual contact with the victim?
>
> Mr. Weiner: That's correct, Your Honor. We also retained an independent DNA expert, who did consult with us and the family regarding the results of the testing.
>
> Court: So, Mr. Leavitt, do you understand what we are saying here?
>
> The Defendant: Yes, I do, Your Honor.
>
> Court: Did you examine the evidence?
>
> Defendant: Yes, I did.
>
> Court: And you are telling us that you don't remember so you can't actually confirm that you had sexual intercourse with the victim in this case. But you have examined the evidence, and you understand that you can also not deny that you had sex with her?
>
> Defendant: Yes, I understand that, Your Honor.

ECF No. 54-32 at 3-4.

In light of the foregoing, petitioner has not established that he did not enter his guilty plea knowingly, voluntarily, and intelligently, under the standards established by the U.S. Supreme Court. And, although the Nevada Supreme Court did not cite federal law in its decision, this court must defer to the state court decision because neither its reasoning nor result contradicts U.S. Supreme Court precedent. *See Early v. Packer*, 537 U.S. 3, 8 (2002).

1    In another portion of Claim Seven that remains before the court for adjudication,

2    petitioner alleges his conviction is unconstitutional in violation of his Fourteenth

3    Amendment right to due process of law and equal protection under the law because the

4    state district court abused its discretion in limiting the post-conviction evidentiary

5    hearing to issues of ineffectiveness of counsel.

    In petitioner's state post-conviction proceeding, the Nevada Supreme Court addressed these claims as follows:

> Leavitt contends that the district court abused its discretion by denying him a full and fair evidentiary hearing on all of the claims raised in his post-conviction petition for a writ of habeas corpus. Leavitt claims that the district court's arbitrary decision to limit his evidentiary hearing to claims of ineffective assistance of counsel violated the Fourteenth Amendment's due process and equal protection clauses because "other similarly situated defendants receive evidentiary hearings on all of their meritorious claims." Leavitt argues that he should have been allowed to present evidence that the State withheld evidence, failed to prove the factual basis for the guilty plea beyond a reasonable doubt, and failed to use adequate methodologies and testing procedures for analyzing the DNA samples.
>
> Leavitt has not demonstrated that the district court's decision to admit or exclude evidence during the evidentiary hearing was manifestly wrong, *see Libby v. State*, 115 Nev. 45, 52, 975 P.2d 833, 837 (1999), or that the district court violated the U.S. Constitution by limiting the scope of the evidentiary hearing to issues permissible under NRS 34.810(1)(a), *see State v. Haberstroh*, 119 Nev. 173, 180, 69 P.3d 676, 681 (2003) (the application of the statutory procedural default rules to post-conviction habeas petitions is mandatory). Further, the record reveals that the State provided an adequate factual basis for the guilty plea, *see State v. Gomes*, 112 Nev. 1473, 1480-81, 930 P.2d 701, 706 (1996); *see also Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984) (evidentiary hearings are not required when claims are belied by the record), and Leavitt had ample opportunity during the evidentiary hearing to question defense counsel regarding decisions he made based on the State's DNA evidence. Accordingly, we conclude this contention is without merit.

ECF No. 50-18 at 3-4.

Petitioner's federal claim as to the state court's handling of his post-conviction evidentiary hearing fails because "federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998). *See also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th

Cir. 1997) (errors allegedly occurring during state post-conviction proceedings are not cognizable in a federal habeas action); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("A [habeas corpus] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."); *Stanhope v. Ryan*, No. CV-14-00310-TUC-BPV, 2017 WL 1163303, at *8 (D. Ariz. Mar. 29, 2017) (claim that state court errored by not granting an evidentiary hearing during post-conviction review proceeding was not cognizable on habeas review).

IV. CONCLUSION

For the reasons set forth above, petitioner's amended petition for habeas relief will be denied.

*Certificate of Appealability*

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in adjudicating petitioner's petition, the court declines to issue a certificate of appealability for its resolution of any procedural issues or any of petitioner's habeas claims.

**IT IS THEREFORE ORDERED** that that petitioner's amended petition for writ of habeas corpus (ECF No. 54) is DENIED. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that pending motions for extension of time (ECF Nos. 160, 162, 165) are GRANTED *nunc pro tunc* as of their respective filing dates.

**IT IS FURTHER ORDERED** that petitioner's remaining motions (ECF Nos. 158, 166, 169) are DENIED.

DATED September 4, 2019.

_____
UNITED STATES DISTRICT JUDGE